IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESUS HERNANDEZ,**<br><br>    Plaintiff,<br><br>vs.<br><br>**NOCHES PAISAS CORP, dba NOCHES DE COLOMBIA, and RUBIELA OSPINA, individually,**<br><br>    Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JESUS HERNANDEZ ("Plaintiff or "Hernandez"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants NOCHES PAISAS CORP, dba NOCHES DE COLOMBIA ("Defendant" or "Noches") and RUBIELA OSPINA, (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt kitchen workers-who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt, kitchen cooking duties for the Defendants in West New York, Hudson County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Noches, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants provide food for patrons throughout New Jersey and throughout the tri state area and further purchase goods and tools through interstate commerce so as to perform their restaurant business. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## **PARTIES**

8. Plaintiff Jesus Hernandez is an adult individual who is a resident of Hudson County, New Jersey.

9. Plaintiff Hernandez was employed by Defendants full time as a non-exempt kitchen cook, performing cooking duties, from in or about 2011, through October 19, 2017.

10. Upon information and belief, the Defendants own and/or maintain a restaurant that provides services for persons located throughout the State of New Jersey as well as neighboring states and further Defendants use channels of interstate commerce to supply their restaurant with tools and goods necessary to maintain their establishment.

11. Upon information and belief, the Defendant, Noches is headquartered in West New York, Hudson County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Noches, employed individuals to perform labor services on behalf of the Defendants.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Noches' annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Noches is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

15. Upon information and belief, Defendant Rubiela Ospina is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Rubiela Ospina has been an owner, partner, officer and/or manager of the Defendant Noches' business.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Rubiela Ospina has had power over personnel decisions at the Defendant Noches' business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours he worked in a work week.

19. Plaintiff Hernandez was paid approximately $800.00 per week, regardless of the number of hours he worked in a workweek.

20. Plaintiff Hernandez routinely worked six (6) days per week.

21. Plaintiff Hernandez worked approximately fifty-eight (58) hours per week.

22. Upon information and belief, Plaintiff was not compensated for his overtime hours worked in excess of forty (40) hours per work week.

23. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly, for their hours worked in excess of forty (40) each week.

24. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

26. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C.

§216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

27. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked in excess of forty (40) within a work week.

28. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt kitchen workers were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after November 19, 2016.

29. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

30. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 29 above.

31. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

32. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

33. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

34. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 35 above.

37. Defendants' aforementioned conduct is in violation of the NJWHL.

38. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

39. Plaintiff and similarly situated employees demands a jury trial.

WHEREFORE, Plaintiff, JESUS HERNANDEZ, and those similarly situated employees, demand judgment, against Defendants NOCHES PAISAS CORP, dba NOCHES DE COLOMBIA, and RUBIELA OSPINA, individually, for the payment of overtime compensation for all overtime hours worked, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: November 19, 2019                              Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 n. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*